UNITED STATES of America,
Plaintiff—Appellee,

v.

Alvin R. HODSON, Defendant—
Appellant.

No. 00–30346.

D.C. No. CR–99–00004–JDS.

United States Court of Appeals,
Ninth Circuit.

Submitted July 8, 2002.*

Decided July 24, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HALL, TASHIMA and RAWLINSON, Circuit Judges.

## MEMORANDUM **

## BACKGROUND

Defendant-appellant Alvin Hodson entered into a plea bargain with plaintiff-appellee the United States of America (the "government"), pursuant to which Hodson had certain cooperation obligations. The district court permitted the government to withdraw from the plea agreement because it found that Hodson had failed to "fully cooperate" pursuant to the terms of the plea agreement. Hodson appeals that determination, and also asks us to rule that upon remand, he has a right to have any further safety valve debriefings tape-recorded. Because the parties are familiar with the facts of the case, we recount them here only to the extent necessary to explain our ruling.

## DISCUSSION

Pursuant to Paragraph 12 of the plea agreement, Hodson agreed to:

> cooperate fully with the United States and to debrief and testify fully and truthfully ... in connection with the charges in this case *and any other matters that the defendant has knowledge or information*, such cooperation to further include a full and complete disclosure of all relevant information ... and making himself available for interviews by law enforcement officers and prosecutors.

Paragraph 17 of the plea agreement states in relevant part that "should [Hodson] fail to voluntarily and reasonably disclose and provide full and complete cooperation,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

which determinations are within the sole discretion of the United States, this Agreement is voidable at the option of the United States...."

 While conceding that Paragraph 12, standing alone, would require him to cooperate fully with the United States by debriefing not only in connection with the charges in the indictment, but also with respect to other matters he had knowledge or information about, Hodson contends that when Paragraph 12 is read in conjunction with the entire contract, and in particular with Paragraphs 14 and 20(C), his cooperation obligations become unclear.

Paragraph 14 provides that "[p]ursuant to § 1B1.8(a) of the Sentencing Guidelines, the United States agrees that no self-incriminating information which the defendant may provide during the course of his cooperation shall be used in determining the applicable sentencing guideline range, subject to the specific provisions of this Plea Agreement and to the limitations set forth in Section 1B1.8(b) of the Sentencing Guidelines." Hodson argues that Paragraph 14 grants him immunity only as to information relating to the indictment, which he claims is inconsistent with an obligation to discuss "other matters" outside the indictment. Hodson is mistaken that Paragraph 14 would only pertain to information regarding the indictment—application note 6 to Sentencing Guideline § 1B1.8 provides that "[u]nless the cooperation agreement relates to the provision of information concerning the unlawful activities *of others*, this guideline does not apply....." (emphasis added). Accordingly, Paragraph 14 confers restrictions on the government's use of the information not only for matters connected with the indictment, but also as to "other matters" as referenced by Paragraph 12.

Paragraph 20(C) provides simply that Hodson "acknowledges that he understands the safety valve may be applicable."

Hodson argues that this paragraph makes the plea agreement ambiguous because pursuant to the safety valve provision of the Guidelines, he was only required to "truthfully provide[ ] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). While the government concedes that Hodson was not required to debrief as to "other matters" that were not related to the charges in the indictment to qualify for the safety valve, there is nothing inconsistent about the government's requiring Hodson to go above and beyond what is required for safety valve application in order to allow him to enter into the plea agreement.

As the plea agreement unambiguously required Hodson to provide information regarding "all acts" of which he had knowledge, not just those closely related to the charges in the indictment, the district court did not err in determining that Hodson had breached the plea agreement by refusing to discuss these "other matters." Moreover, the district court's findings that Hodson added conditions to the debriefing that were not reflected in the plea agreement, and did not fully cooperate with the government, are amply supported by the record.

Because we conclude that the district court did not err in determining that the government should be permitted to withdraw from the plea agreement, we need not consider Hodson's argument that after reinstating the plea agreement we should remand to the district court with instructions that he be allowed to tape record any future safety valve debriefings.

AFFIRMED.